Roger Dale OGG, Petitioner,

v.

**BILL WHITE CHEVROLET COMPANY**
Hartford Insurance Company, and the
Workers' Compensation Court, Respondents.

No. 63753.

Supreme Court of Oklahoma.

June 3, 1986.

Frazier & Frazier by Wilson N. Jones, Tulsa, for petitioner.

McGivern, Scott, Gilliard & McGivern by Michael W. McGivern, Tulsa, for respondents.

DOOLIN, Vice Chief Judge,

Petitioner, Roger Dale Ogg, hereinafter called claimant, was employed by respon-

dent, Bill White Chevrolet Company, (employer), as an assistant sales manager. On the morning of January 16, 1984, claimant left his office to retrieve a pack of cigarettes from a truck provided by employer and parked on the work premises. While en route claimant slipped and fell upon packed snow sustaining injury to his back. He later underwent surgery.

Claimant then sought disability benefits from his employer and its insurance carrier, Hartford Insurance Company. Respondents (1) denied the injury arose out of and in the course of claimant's employment; (2) submitted testimony that the claimant had previously injured himself at home; and (3) offered this Court's opinion in *Thomas v. Keith Hensel Optical Labs,*[1] to support their contention that the claimant's act was in futherance of his own personal convenience and comfort, and precluded under the Oklahoma Workers' Compensation Act (Act).[2] The trial judge found that the injury sustained was not one "arising out of and in the course of claimant's employment." An appellate panel of the Workers' Compensation Court, after reviewing the record in the case, affirmed the order denying compensation.

The Court of Appeals reversed the order, holding that (1) the trial court erred as a matter of law because no competent evidence supported the trial court's denial of coverage, and (2) "an injury received on the work premises by an employee while obtaining tobacco, which his employer allows him to use, arises in the course of employment and is not a personal deviation preventing coverage of the act." We disagree

and, therefore, vacate the opnion of the Court of Appeals.

■ We hold that under our law, an injured employee is entitled to compensation only when his injury *arises out of and in the course* of his employment. Thus, all personal injuries that occur on the workplace premises are not covered under the Act.

■ In a workers' compensation case, the terms "arising out of" and "in the course of" are not synonymous, but are conjunctive terms.[3] The former element contemplates a causal relationship between the act engaged in at the time injury occurs and the employment requirements, and the latter element deals with the time, place, and circumstances of the injury.[4] *Both* requirements must be met to prove a recoverable claim under the Act.[5]

■ However, the Court of Appeals used disjunctive language in addressing the issue presented before the appellate court:

"Where usage of tobacco is not prohibited by the the employer, does an injury received by an employee while obtaining tobacco upon an employer's premises arise out of *or* (sic) in the course of employment....?

Although this Court has not previously addressed the use of tobacco and its relationship to employee accidents, we find the Court of Appeals reliance on out-of-state authorities not persuasive and irreconcilable with our law. It is irrelevant whether or not employer permitted the use of tobacco on the work premises. The use of tobacco is not necessarily incidental to the re-

---

1. 653 P.2d 201 (Okl.1982) Where the claimant's on the premises errand was in furtherance of some personal purpose, it does not arise out of his employment.

2. The terms of 85 O.S. 1981 § 11 provides:
"Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of his employee resulting from an accidental personal injury sustained by the employee *arising out of and*

*in the course of his employment...."* [emphasis added].

3. *Oklahoma Gas & Electric Co. v. Stout,* 179 Okl. 312, 65 P.2d 477 (1937); *Grandclair v. Rogers Bread Co.,* 193 Okl. 489, 145 P.2d 758 (1944); *Belscot Family Center v. Sapcut,* 509 P.2d 905 (Okl.1973).

4. *R.L. Allison, Inc. v. Bolling,* 192 Okl. 213, 134 P.2d 980 (1943); *Thomas v. Keith Hensel Optical Labs,* supra note 1.

5. *Id.*

quirements of the claimant's employment. Moreover, whether an injury does arise out of and in the course of claimant's employment is an issue of fact; and on nonjurisdictional issues we must accept as binding the trial court's findings of fact which are supported by competent evidence.[6]

■ The facts are uncontroverted. Claimant has previously injured himself while moving a travel trailer, and this injury necessitated the use of a cane about a week before the date of the accident herein. We find here competent evidence from which the trial court could infer that the claimant was injured elsewhere, and that his on-the-premises errand was in furtherance of some personal purpose and, therefore, not within the purview of the Act.

Opinion of the Court of Appeals VACATED and the order of the trial court REINSTATED.

LAVENDER, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.

SIMMS, C.J., concurs in result.

HODGES and SUMMERS, JJ., dissent.

---

6. *Thomas v. Keith Hensel Optical Labs,* supra note 1, 653 P.2d at 203.