**GENERAL TOOL & SUPPLY and CNA Insurance, Petitioners,**

v.

**Janet Sue SOMERS, and the Workers' Compensation Court, Respondents.**

**No. 67078.**

Court of Appeals of Oklahoma, Division No. 3.

March 10, 1987.

Rehearing Denied April 7, 1987.

Certiorari Denied May 27, 1987.

M. Thad Groom, Oklahoma City, for petitioners.

Patrick C. Ryan, Oklahoma City, for respondents.

HUNTER, Judge:

Respondent, Janet Sue Somers, filed her claim against Petitioner, General Tool and Supply, seeking workers' compensation benefits due to an injury to her reproductive system and psychological overlay suffered as a result of the injury. In August, 1985, while employed by Petitioner, Respondent slipped on an oily substance, causing her to twist her right ankle, twist her body, and fall to one knee. At the time of the accident, Respondent was eight (8) months pregnant, and her pregnancy had been routine. The evening of the accident, Respondent began to experience pain and contractions and sought medical attention. The following day, a caeserean section was performed on Respondent, and the child was stillborn.

At the hearing before the trial court, Respondent testified and both parties introduced their respective medical testimony. The trial court entered its order awarding Respondent permanent partial disability benefits for both the injury to her reproductive system and the resulting psychological overlay. Petitioner has timely perfected this appeal of that portion of the order pertaining to the award of benefits for psychological overlay.

■ Petitioner contends the trial court erred in awarding permanent benefits for psychological overlay because no competent evidence existed upon which to support such an award. Specifically, Petitioner contends that Respondent's medical evidence on the issue of psychological overlay did not properly utilize the AMA Guides and therefore, was of no probative value. We do not agree. Petitioner complains that because Respondent's doctor based her rate of impairment on mild to moderate emotional disturbance under ordinary stress and belonging in "class 2 page 63 of the Guides" and that section deals with the emotional disturbances resulting from organic brain damage, the doctor improperly classified the injury. Further, that by failing to use the proper applicable section of the Guides his impairment rating is not in compliance with Title 85 O.S. 1981, Ch. 4 App., Rule 20, and does not present the trial court with any competent medical evidence upon which to base its disability award. Rule 20 requires the evaluation of permanent impairment be in accord with the "Guides to Evaluation of Permanent Impairment" as published by the American Medical Association. Compliance with Rule 20 is mandatory when medical evidence is supplied by a written medical report. Competent evaluation of permanent impairment requires an adequate and complete medical examination, and *substantial compliance* with the Guides. Where deviation from the Guides occurs, the physician is required to explain such deviation. *Special Indemnity Fund v. Stockton*, 653 P.2d 194 (Okl.1982). The record reflects that Respondent's doctor, in his deposition testimony introduced at trial, adequately explained his disability rating under Ch. 2, P. 63 of the Guides, and we find that Respondent's medical evidence is in substantial compliance with Rule 20.

■ Petitioner contends that even if Respondent's medical evidence was competent, the evidence offered at trial cannot support an award for psychological overlay. Petitioner argues there was no showing of a causal connection between Respondent's injury to her reproductive system and her psychological overlay, because all of her emotional stress was related to the death of her child, and not the accidental injury suffered in the course of her employment. The record does not support Petitioner's argument. The medical testimony before the trial court was conflicting regarding the cause of Respondent's psychological overlay. Probative value of medical

evidence is exclusively for determination of the trial court and the evidence of one expert may be accepted while that of another may be rejected in whole or in part. *Department of Public Safety v. Jones,* 578 P.2d 1197 (Okl.1978). The trial court entered its order finding that Respondent sustained an accidental personal injury to her reproductive system and psychological overlay arising out of and in the course of her employment. Whether an injury does arise out of and in the course of Respondent's employment is an issue of fact; and on non-jursidictional issues this court must accept as binding the trial court's finding of facts which are supported by competent evidence. *Ogg v. Bill White Chevrolet Co.,* 720 P.2d 324 (Okl.1986). The record reflects that Respondent's medical testimony, when coupled with her testimony that she experienced depression, anxiety and fears after her fall and injury to her reproductive system, was sufficient foundation for the trial court's conclusion that Respondent's mental problems were secondary to the subject accidental injury and therefore compensable.

For the reasons stated above the order of the Workers' Compensation Court is SUSTAINED.

HANSEN, P.J., and BAILEY, J., concur.