**SAFEWAY STORES, INC., and Own Risk, Petitioners,**

v.

**Virgil V. ARNOLD and The Workers' Compensation Court, Respondents.**

No. 72457.

Court of Appeals of Oklahoma, Division I.

Aug. 8, 1989.

H.A. Bud Carter, Oklahoma City, for petitioners.

Fred L. Boettcher, Ponca City, for respondents.

## MEMORANDUM OPINION

HUNTER, Judge:

Upon consideration of the briefs and record in the above styled matter, the Court finds as follows:

1. Petitioners seek vacation of the order of an *en banc* panel affirming the trial court's order, which found Respondent sustained an accidental personal injury to the heart arising out of and in the course of his employment with Petitioner. Respondent was diagnosed as having had an aorta aneurysm which occurred while Respondent was performing his normal employment duties for Petitioner. The trial court awarded Respondent 30% permanent partial disability to the body as a whole due to injury to the heart.

2. Petitioner's first proposition of error will not be considered by this Court on appeal. The record reflects that Petitioner's objection to Respondent's failure to give statutory notice was not raised as error in Petitioner's appeal to the Court en banc. *Bostick Tank Truck Service v. Nix,* 764 P.2d 1344 (Okl.1988).

■ 3. Petitioner contends the trial court erred in admitting Respondent's medical report into evidence because the report lacked competency and probative value. We disagree. A complete medical history of the Claimant is one of the requirements for admissibility of the medical report under Rule 20. Although, Respondent's medical report did not mention his previous smoking history, the medical report did contain an adequate medical history, and is in substantial compliance with Rule 20. As such, Respondent's medical evidence was competent and properly admitted by the trial court. *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okl. 1982).

■ 4. Petitioner contends the trial court's order allowing Respondent permanent partial disability is not supported by any competent medical evidence. This proposition is without merit. As discussed above, Respondent's medical evidence was properly admitted by the trial court. The medical testimony before the trial court was conflicting as to the cause of Respondent's aneurysm. Probative value of medical evidence is exclusively for determination of the trial court and the evidence of one expert may be accepted while that of another may be rejected in whole or in part. *Department of Public Safety v. Jones,* 578 P.2d 1197 (Okl.1978). The record reflects that Respondent's medical testimony, when coupled with his testimony as to the events leading up to his injury, supports the trial court's finding that Respondent sustained a compensable injury to his heart. Whether an injury does arise out of and in the course of Respondent's employment is an issue of fact, and on non-jurisdictional issues this Court must accept as binding the trial court's findings of fact which are supported by competent evidence. *Ogg v. Bill White Chevrolet Co.,* 720 P.2d 324 (Okl.1986).

■ 5. Respondent's request for attorney fees on appeal is denied. Respondent's request is made pursuant to 20 O.S.Supp. 1982, § 15.1, and the contention that Petitioner's appeal is meritless. Section 15.1 is composed of two short sentences which must be read together, giving meaning to every word. Both sentences speak to an *additional* attorney fee. This Statute is limited to those cases in which an attorney fee is allowed by law to the prevailing party in the trial court. Attorney fees in a workers' compensation matter are not additional to the award, and as such, attorney fees on appeal of a workers' compensation matter are not allowed.

For the reasons stated above, the order of the Workers' Compensation Court is SUSTAINED.

GARRETT, P.J., concurs.

MacGUIGAN, J., not participating.