1998 OK CIV APP 147

**Brenda Joyce FURR, Petitioner,**

v.

**WAL–MART, National Union Fire Insurance and the Workers' Compensation Court, Respondents.**

**No. 90700.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Decided June 23, 1998.

Certiorari Denied Sept. 29, 1998.

**1194** ■ ▬▬▬▬▬▬▬

William J. Anton, Tulsa, for Petitioner.

Kristin Blue Fisher, Cathy Enterline, Feldman, Franden, Woodard & Farris, Tulsa, for Respondents.

## OPINION

STUBBLEFIELD, Presiding Judge.

¶1 Claimant seeks review of order of a Workers' Compensation Court three-judge panel affirming the trial court's denial of compensation based on a finding that the injury did not arise out of employment. Af-ter a review of the record on appeal and applicable law, we reverse.

¶2 Claimant Brenda Joyce Furr filed a Form 3 seeking workers' compensation benefits for an injury occurring during her work shift for Employer Wal–Mart, when she went to the bathroom and broke her right hand when she hit it against a toilet tissue dispenser. Employer did not dispute that the accident and injury occurred as maintained by Claimant but resisted her request for compensation because it did not believe the injury was work-related.

¶3 After hearing, the trial court denied the claim based on a finding that the injury did not arise "out of her employment." The trial court specifically noted that it accepted Claimant's testimony that the injury to her right hand occurred while she was using the restroom at work but stated that "going to the bathroom is a purely personal condition which is found by the Court to be unrelated to her employment." Claimant appealed the trial court's denial. A three-judge panel, by a split vote, affirmed the trial court's order. Claimant now seeks review of that order in this court.

■ ¶4 Whether an injury arises out of a claimant's employment is generally an issue of fact, and this court on review of factual findings must affirm if there is any competent evidence to support the order subject to review. *City of Edmond v. Monday*, 1995 OK 132, ¶4, 910 P.2d 980, 982. However, herein there are no disputed facts, and, in such an instance, a question of law is presented. *Oklahoma Petroleum Workers' Compensation Ass'n v. Mid–Continent Cas. Co.*, 1994 OK CIV APP 107, 887 P.2d 335, *cert. denied.* It is well established that defining the law is the role of the appellate court; thus, "it independently reviews questions of law." *Id.* at ¶5, 887 P.2d at 337.

■ ¶5 Claimant proposes that the lower court erred in finding that going to the bathroom was a purely personal mission and in holding that a bathroom injury does not arise out of employment. She maintains that compensability for injuries connected with seeking and using toilet facilities within the premises of the employer has been accepted

uniformly. She asserts that she was not free to choose which bathroom to use, and, because such relief is a necessary corollary to the employment of human beings, the employment status was unbroken.

¶ 6 The court in *American Management Systems, Inc. v. Burns*, 1995 OK 58, 903 P.2d 288, cited by the trial court in its denial of benefits, does deal with the issue of personal risk. The *Burns* court stated:

> "Oklahoma's jurisprudence has long recognized that a compensable work-related injury must *both* (1) occur *in the course of* and (2) *arise out of* the worker's employment." 85 O.S.1991 § 3(7). These two distinct elements *are not to be understood as synonymous*. ... The *determinative question* here is whether there is a *causal nexus* between [the injury] and the *risks* of his employment. The "arising-out-of employment" element of the claim requires that an injury be *employment-related*, as opposed to one stemming from a purely *personal risk* ....

*Id.* at ¶ 5, 903 P.2d at 290–91 (footnotes omitted). The language of *Burns* reflected the 1986 inclusion of language in the workers' compensation statutes—"only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of the employment." 85 O.S. Supp.1986 § 3(7). The *Burns* court found no employment-related risk had been proved where a worker was killed by a third-party assailant while at a motel during an out-of-town business trip. The court decreed that statutory changes negated the use of the "positional-risk theory" and the "unknown assailant rule" to demonstrate causal nexus to employment. *Id.* at ¶ 12, 903 P.2d at 293. However, the court in *Burns* did not address an injury sustained on Employer's premises, nor did it purport to totally negate prior case law about what constitutes a personal risk or mission.

¶ 7 In *Richey v. Commander Mills, Inc.*, 1974 OK 47, 521 P.2d 805,[1] the court was faced with a claim of an employee who fell, while on the employer's premises, when she was walking toward a beverage machine at the start of her lunch break. Citing *Willis v. State Industrial Commission*, 78 Okla. 216, 190 P. 92 (1920), the *Richey* court specifically restated the earlier holding that an injury, which occurred during non-work activity permitted for comfort and convenience of employees, could arise out of and in the course of employment. The court analyzed cases involving similar issues and stated:

> An employee's activity is work related if the employer's purposes are being carried out, or the employer's interests are being directly or indirectly advanced. This principle is the foundation for the doctrine that work-connected activity reaches beyond the direct services performed and includes ministrations to the personal comfort and needs of employees.

*Id.* at ¶ 6, 521 P.2d at 807.

¶ 8 Seeking and using toilet facilities are certainly acts for personal comfort and convenience. As the *Richey* court stated:

> Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of the work.
>
> ... That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incident dangers. At the same time injuries occasioned by them are accident[s] resulting from the employment.

*Richey*, 1974 OK 47 at ¶ 9, 521 P.2d at 807, quoting from *Archibald v. Ott*, 77 W.Va. 448, 87 S.E. 791 (1916) (citations omitted). Thus, we conclude that personal comfort missions,

---

1. The court in *Burns* actually cited *Richey* in support of its conclusion that an "arises-out-of-employment" determination requires a causal connection between the injury and the risks incident to employment. *Burns*, 1995 OK 58 at ¶ 5 n. 4, 903 P.2d at 290–91 n. 4. Thus, nothing in *Burns* can be construed as overruling or negating the expression of law recited in *Richey*.

such as going to the bathroom, are generally *not* outside the course of employment.

■ ¶9 We also note that the injury herein occurred on Employer's premises. While the fact that an accident occurred on the employer's premises is not of itself determinative of the employer's liability, it does tend to show that the risk of harm is causally connected to employment. *See Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932; *E.I. DuPont De Nemours & Co. v. Redding,* 194 Okla. 52, 147 P.2d 166 (1944).

■ ¶10 Claimant herein had no personal choice about what bathroom facility to use, and the necessity of using the employer's bathroom facility may well subject an employee to hazards. There is no dispute relative to the circumstances under which Claimant sustained her injury. She had clocked in following her lunch break, stopped at the bathroom on the way back to her work area, and injured her hand when she turned in the small toilet stall and accidentally hit the large toilet paper dispenser jutting out from the wall. This was a hazard maintained by Employer to which Claimant was exposed because of her employment.

■ ¶11 Based on the foregoing analysis, we conclude that going to the bathroom is a personal comfort mission that is within the course of employment. When such an activity exposes an employee to a hazard maintained by the employer, a resulting injury arises out of the employment. Accordingly, we find that the lower court erred in its holding, as a matter of law, that going to the bathroom is outside the course of employment. The appealed order is reversed, and the case remanded with instructions to award Claimant compensation and for further proceedings.

¶12 REVERSED AND REMANDED WITH INSTRUCTIONS AND FOR FURTHER PROCEEDINGS.

REIF and RAPP, JJ., concur.

