1999 OK CIV APP 73

**Shirley RICHBOURG, Petitioner,**

v.

**ADVANTAGE PERSONNEL SERVICES, National American Insurance Co., and the Workers' Compensation Court, Respondents.**

**No. 92,492.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 4, 1999.

Bob Burke, Oklahoma City, Oklahoma, For Petitioner,

Brian McMahan, Oklahoma City, For Respondents.

## *OPINION*

GARRETT, Judge:

¶1 Petitioner, Shirley Richbourg (Claimant), filed a workers' compensation claim for an injury to her back which occurred while working for Respondent, Advantage Personnel Services (Employer). On August 18, 1997, Claimant took a smoke break on the porch of the house trailer which served as her office in Broken Bow, Oklahoma. As she was returning to her office, she tripped over a cat that was stretched out on the porch. In attempting to avoid falling, Claimant twisted her leg and injured her back. The trial court found Claimant's injury did not arise out of and in the course of her employment and denied the claim. This review proceeding followed.

¶2 Claimant argues that because there are no disputed facts, this case involves an issue of law and must be reviewed de novo, citing *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, 895 P.2d 731. However, where conflicting or inconsistent inferences may be drawn from the undisputed facts, the issue is one of fact. *Thomas v. Keith Hensel Optical Labs,* 1982 OK 120, 653

P.2d 201, 203. We will affirm the trial court's order if it is supported by competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. To prove an injury is compensable under the Workers' Compensation Act, an employee must prove an accidental injury which both arose out of and in the course of employment. 85 O.S.Supp.1997 § 3(10).

¶3 Claimant testified that her boss had told her she could take a break at anytime. She further explained that she had previously smoked in her office and was not required to go outside to smoke. However, she testified Employer approved and acquiesced in unscheduled smoke breaks and allowed employees to use the porch for that purpose. Claimant testified her boss fed stray cats.

¶4 Claimant first asserts that her injury arose out of her employment because it was the direct result of an employer-created hazard. She contends Employer maintained the cat over which she tripped by feeding stray cats, thereby creating a dangerous condition. Although we note Claimant's testimony that the cat was not in the doorway of the trailer, the fact is that the cat was on Employer's premises.

¶5 A claimant has the burden of establishing a causal nexus between the injury and an employer-created risk of harm. *American Management Systems, Inc. v. Burns,* 1995 OK 58, 903 P.2d 288. That case held that the risk of harm must exceed the ordinary hazards to which the general public is exposed in order for an injury to arise out of employment. The claimant's injury in *Burns, supra,* did not occur on the employer's work premises. However, in the recent case of *Barre v. TCIM Services, Inc.,* 1998 OK CIV APP 179, 971 P.2d 874, this Court noted recent case authority in which injuries incurred on the employers' premises while going to or from work may be compensable if the risk of harm was created or maintained by the employer. *See Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932. Citing pre–1986 cases,[1] the *Corbett* Court stated

---

1. In 1986, 85 O.S. Supp.1986 § 27, which shifted to the employer the burden of producing evidence upon the critical elements of proof, was repealed. Now the burden is on claimant alone to establish compensability. *Burns* held "pre–1986 jurisprudence on the quantum of proof

that when an employee's presence in a workplace parking lot is "unquestionably employment-related, there is no need for the court further to inquire into the 'arising out of' prong as a separate issue." *Id.* at ¶ 8, n. 7, 936 P.2d at 934, n. 7.[2] The *Barre* Court concluded that because the claimant was on the employer's premises using a stairway to go to work when injured, and the use of the stairway was acquiesced in by the employer, there was no need to apply the increased-risk test to determine the "arising out of" element.

■ ¶ 6 In the instant case, Claimant testified Employer acquiesced in the smoke breaks and the use of the porch for the breaks. The porch was maintained and controlled by Employer and constituted Employer's premises. The cat over which Claimant tripped may have been on the porch because Employer was feeding it. However that may be, we hold Claimant proved her injury arose out of and in the course of her employment. The trial court's finding that it did not is not supported by competent evidence.

¶ 7 Having decided Claimant's injury arose out of and in the course of her employment, it is not necessary to determine whether Claimant's smoke break was not a purely personal mission.

¶ 8 The trial court's order was not supported by competent evidence. See *Parks v. Norman Municipal Hospital, supra.* The order is vacated, and this case is remanded for further proceedings in accordance with this opinion.

¶ 9 VACATED AND REMANDED.

JOPLIN, J., concurs.

BUETTNER, P.J., dissents with separate opinion.

KENNETH L. BUETTNER, Presiding Judge, dissenting.

¶ 1 Because the trial court's decision that Richbourg's injury did not arise out of her employment is supported by competent evidence, I would sustain the order.

¶ 2 To prove an injury is compensable under the Workers' Compensation Act, an employee must prove an accidental injury which both arose out of and in the course of employment. 85 O.S.Supp.1997 § 3(10).

¶ 3 On appeal, Richbourg first asserts that her injury arose out of her employment because it was the direct result of an employer-created hazard. Richbourg asserts that Employer maintained the cat over which she tripped by feeding stray cats. Although Richbourg testified that her boss fed stray cats, the trial court may not have inferred that such action created the risk of harm to Richbourg. We also note Richbourg's testimony that the cat was not in the doorway of the trailer. Richbourg therefore did not have to step over the cat to return to her work station.

¶ 4 The court's implicit finding that the cat was not a risk created by Employer is supported by competent evidence. A claimant has the burden of establishing a causal nexus between the injury and an employer-created risk of harm. *American Management Systems, Inc. v. Burns,* 1995 OK 58, 903 P.2d 288. That case held that the risk of harm must exceed the ordinary hazards to which the general public is exposed in order for an injury to arise out of employment. No evidence indicated that the risk of tripping over a cat was reasonably related to Richbourg's job duties or that the risk exceeded the ordinary hazards of daily life. See *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932 (claimant's injury upon leaving employer's premises arose out of personal mission where the causative risk encountered

needed to support an injury's nexus to employment must be re-examined for its conformity to the present-day probative regime." *Id.*, at ¶ 6, 903 P.2d at 291. Cited by the Supreme Court in *Corbett* in footnote 7 is *Max E. Landry, Inc. v. Treadway,* 1966 OK 259, 421 P.2d 829, which held that when an employer acquiesces in the use of a parking lot where the business is located, the parking lot constitutes the employer's premises, and when an employee is injured there while on his way to work, the injury suffered arises out of and in the course of employment.

2. The *Corbett* Court determined the claimant's injury did not arise out of and in the course of employment. He was injured in the parking lot leaving early for lunch on his way to do a personal errand at his bank.

was neither job-related nor hazards created by the employer).

¶ 5 Richbourg also asserts that the trial court erred because her smoke break was not a purely personal mission. Richbourg argues that Employer acquiesced in her smoke breaks. Of course, mere acquiescence does not change the nature of a personal mission. It is undisputed that Richbourg was on the job when she fell. Nevertheless, all injuries on an employer's premises are not compensable. *Keith Hensel Optical, supra.* Richbourg seeks to analogize her situation to a case in which an employee was injured while on a bathroom break. *Furr v. Wal–Mart,* 1998 OK CIV APP 147, 966 P.2d 1193. In *Furr,* this court reiterated that not all injuries on an employer's premises are compensable. This court explained, however, that personal comfort missions, such as going to the bathroom, are not outside the course of employment. The court noted, however that the claimant had no choice regarding which bathroom facility to use. Thus, in *Furr,* the injury was caused by an employer supplied risk.

¶ 6 In the instant case, Richbourg testified that she was allowed to smoke in her office. The instant case is distinguishable from *Furr* because that opinion did not address smoking breaks and because Richbourg had a choice as to where to smoke. She has therefore failed to demonstrate a causative nexus between her employment and the risk of harm. Richbourg has not presented authority that harm not causally connected to employment, encountered during a smoke break, arises out of employment. Because the trial court could find (1) there is no causal nexus between Richbourg's employment and the risk of tripping over a cat, or (2) the cat was not an employer supplied risk, there is no need to determine whether Richbourg's smoke break was a purely personal mission.

¶ 7 The trial court's order was supported by competent evidence and the trial court could have reasonably inferred from the evidence that Richbourg's injury was not related to her employment. I respectfully dissent.