2010 OK CIV APP 46

Annette M. **TRIPLETT**, Petitioner,

v.

**MYSTAF MEDICAL; Zurich American Insurance Co.; and the Workers' Compensation Court,** Respondents.

No. 107,277.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 12, 2010.

Certiorari Denied April 12, 2010.

John N. MacKenzie, Tulsa, Oklahoma, for Petitioner.

Steven K. Bunting, Steven K. Bunting, P.C., Tulsa, Oklahoma, for Respondents.

CAROL M. HANSEN, Judge.

¶1 This special proceeding to review an order of the Workers' Compensation trial court denying compensability to Claimant, Annette Triplett, turns on a single issue. We vacate the order and hold Claimant's

injuries arose out of and in the course of her employment with Mystaf Medical.

¶2 Claimant worked in collections for Capital One Auto Finance. Mystaf Medical, a job placement service, had placed Claimant at Capital One where she had worked since October of 2008. On January 27, 2009, Claimant came to work early because the roads were icy and slick from a snow storm. She turned on her computer and then went to a designated smoking area, set aside by Capital One. After smoking, she returned to the work place and slipped and fell on a slick floor injuring her back, left knee and left side. She filed a Form A requesting treatment.

¶3 Mystaf answered, claiming it was not responsible for Claimant's injuries alleging her going for a smoke was a personal errand and thus it was not responsible for workers' compensation benefits.

¶4 At trial, Claimant testified, as did Mystaf and Capital One supervisors.[1] They testified about the events following her fall and her later inquiries. They do not dispute the facts leading up to her fall. The trial court denied her claim and she filed this present proceeding to review that decision.

¶5 Ordinarily, whether an injury arises out of and in the course of a claimant's employment presents an issue of fact for the trial court. *Thomas v. Keith Hensel Optical Labs,* 1982 OK 120, 653 P.2d 201. However, rulings by the Workers' Compensation Court in applying the law to undisputed facts are reviewed de novo by this Court. *Urrutia v. Wendy's Old Fashioned Hamburgers,* 2007 OK CIV APP 104, 171 P.3d 915.

¶6 The Supreme Court in *Fudge v. University of Oklahoma,* 1983 OK 67, 673 P.2d 149, held a worker's injury was compensable when the worker was injured in crossing a public street in order to reach her car in the employer-provided parking lot. Traffic on that street constituted an employer-created hazard and injury sustained while crossing it in going to or coming from lunch was deemed to arise out of and in the course of her employment.

¶7 Employer cites *American Management Systems, Inc. v. Burns,* 1995 OK 58, 903 P.2d 288 which held a 1986 amendment to the Workers' Compensation Act abrogated the positional-risk test and held no longer may an injury be viewed as compensable solely because the worker, while in the course of employment, was exposed to the risk of harm. However, the Court in *Burns* did not address an injury sustained on the employer's premises, nor did it purport to totally negate workers' compensation case law prior to 1986. *Barre v. TCIM Services, Inc.,* 1998 OK CIV APP 179, 971 P.2d 874. The Court in *Barre,* citing *Fudge,* stated generally injuries sustained while going to and coming from work, when occurring on employer's premises have been deemed to have arisen out of and in the course of employment. Employment under the Act, does not begin and end with the actual work which the injured person was employed to do, but covers the periods between his entering the employer's premises a reasonable time before beginning his actual work. "When an employee is injured on his way to work and while on the Employer's premises the injury suffered does arise out of and in the course of his employment." Claimant was on Employer's premises, climbing a stairway to begin her work and the use of the stairway was acquiesced in by Employer. The same is true in the present case.

¶8 The fact Claimant went to a part of Employer's premise to smoke is immaterial. She had arrived early and was clearly on her way to her workspace when she fell on a slick spot in the building where she worked.

¶9 In *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932, the Supreme Court held when an employee's presence in a workplace parking lot is unquestionably employment-related, there is no need for the court further to inquire into the "arising out of" prong as a separate issue. *Richbourg v. Advantage Personnel Services,* 1999 OK CIV APP 73, 986 P.2d 532.

¶10 In *Turner v. B Sew Inn,* 2000 OK 97, 18 P.3d 1070, a claimant sought compensation

---

1. Although their testimony reveals Claimant was somewhat uncooperative. This does not negate the argument her injuries resulted out of and in the course of her employment.

benefits for leg and ankle fractures sustained in a fall as she walked toward her workplace in a shopping center from the parking lot. The Supreme Court held the parking lot constituted employer's premises for workers' compensation purposes. An employee who is entering the workplace to begin work may recover workers' compensation benefits for injuries received in the parking lot. The parking lot constituted employer's premises. This is the exception to the "going and coming" rule if the injury occurs on premises owned or controlled by the employer. *See also, Veith v.Ogburn,* 2006 OK CIV APP 75, 136 P.3d 1080.

¶ 11 The decision in *Owings v. Pool Well Service,* 1992 OK 159, 843 P.2d 380, cited by Employer, was premised on deciding the correct standard of review for the Court of Civil Appeals in Workers' Compensation's reviews. It does not support Employer's reasoning. Neither does *Pauls Valley Travel Center v. Boucher,* 2005 OK 30, 112 P.3d 1175 also cited by Employer. The question presented for review there was whether the Court of Civil Appeals failed to apply the proper standard of review when it vacated the three-judge panel's award for medical treatment and compensation. The narrow issue was whether the trial tribunal's order—that claimant's injury was not idiopathic, but compensable because it arose out of her employment—was supported by competent evidence.

¶ 12 The sole decision cited by Employer that appears to support its view is *Ogg v. Bill White Chevrolet,* 1986 OK 26, 720 P.2d 324. There, the Supreme Court vacated a Court of Civil Appeals decision holding an injury received on the work premises by an employee while obtaining tobacco, which his employer allowed him to use, arose in the course of his employment and is not a personal deviation preventing coverage of the act. The Court disagreed and vacated the Court of Civil Appeals's opinion holding not all personal injuries occurring on the workplace premises are covered under the Act.

¶ 13 Decisions by our appellate courts are varied, but all depend on the circumstances of each case. Here, Claimant had come to work early and turned on her computer. She left to visit a place designated by her employer as a smoking area. When she returned to start her day of employment, she slipped in the entryway to her office. We consider the entry way as equivalent to the parking lot addressed in prior decisions and hold her injuries are compensable.

¶ 14 The order of the Workers' Compensation Court is vacated and the case is remanded to that court for further review of her injuries and compensation.

VACATED AND REMANDED.

HETHERINGTON, J., concurs.

BUETTNER, Presiding Judge, dissenting.

I would sustain the Workers' Compensation Court order as supported by competent evidence. Also see my dissenting opinion in *Richbourg v. Advantage Personnel Services,* 1999 OK CIV APP 73, 986 P.2d 532, 534.