MANHATTAN LONG CONSTRUC-
TION CO. et al. v. BREEDLOVE
et al.

No. 31193.  June 22, 1943.

*138 P. 2d 827.*

George F. Short, Welcome D. Pierson, George E. Fisher, and John F. Reed, all of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.  This is an original proceeding in this court brought by Manhattan Long Construction Company and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award which was made by a trial commissioner of the State Industrial Commission in favor of Monta Breedlove, hereinafter referred to as respondent.

The essential facts are not in dispute. On March 13, 1942, respondent sustained a compensable injury as a result of a broken right ankle. The petitioners furnished immediate medical attention and paid compensation for the resulting temporary total disability until September 2, 1942, at which time they filed a motion to suspend payment of further compensation for temporary total disability.  The respondent thereupon filed a motion to require the petitioners to furnish him another operation on his ankle.

At the hearings held on said motions the evidence disclosed that the sole disability which respondent had sustained was that which had resulted from the injury to his right ankle, and that it was permanent except for possible relief from pain which an operation to immobilize the ankle might afford. The medical evidence was in conflict with respect to the advisability of the operation and the extent of possible relief from pain which such operation might afford, but was in agreement with respect to the fact that respondent had a permanent partial disability in his right leg as a result of the injury to his ankle irrespective of whether any further operation should be performed or not. Upon the evidence, substantially as above narrated, the trial commissioner made the following findings of fact:

"1.  That on the 13th day of March, 1942, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, to wit: Broken right ankle.

"2.  That the average wages of the claimant at the time of said accidental personal injury were $13.75 per day.

"3.  That by reason of said accidental injury, claimant was temporarily totally

disabled from the date of said injury to September 2, 1942, or 24 weeks beyond the five days' waiting period, for which period of time, he has heretofore been paid compensation.

"4. That it is too early to determine the extent of permanent disability as a result of said accidental injury.

"5. That it is too early to determine the necessity for surgical and medical treatment."

Based upon the above-quoted findings of fact the trial commissioner entered an award for temporary partial disability and therein directed payment of the sum of $123.83, as accrued compensation to October 21, 1942, and payments thereafter at the rate of $17.69 per week for a period not to exceed 276 weeks from September 2, 1942.

The petitioners contend that said award is without authority of law, and that there is no evidence in the record to support the finding of decrease in wage-earning capacity of the respondent or the findings that it was too early to determine the extent of permanent disability or the necessity for further surgical or medical treatment of respondent's ankle.

It will be necessary to consider only the first contention of the petitioners. The injury of respondent was to a specific member and was such as to require a determination of its nature and extent by skilled and professional persons and had to be proved by the testimony of such persons. Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. 2d 907; J. J. Harrison Const. Co. v. Mitchell, 170 Okla. 364, 40 P. 2d 643; Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. 2d 1019. The evidence of all of the competent witnesses was in accord with respect to the fact that the sole injury which respondent had sustained was a broken right ankle and that it was permanent in nature, but was in disagreement with respect to the extent of the impairment and the advisability of any further operation and the possible relief from pain which such an operation might afford respondent. There was no evidence of any temporary partial disability of the injured member.

The statute (85 O. S. 1941 § 22) establishes a schedule of compensation to be awarded in all classes of injuries. This schedule is comprehensive, complete, and exclusive, and the State Industrial Commission may make awards only upon the basis therein set forth. Under the foregoing schedule injury to specific members is to be compensated in the manner provided by subdivision 3 of said section only where there is no evidence of temporary partial disability. Magnolia Pet. Co. v. Brown, 174 Okla. 191, 50 P. 2d 165; National Tank Co. v. Gold, 185 Okla. 574, 95 P. 2d 235.

An injury to a specific member is one which entitles the injured workman to the compensation provided in the schedule, supra, irrespective of whether such injury results in a decrease in wage-earning capacity. Nuway Laundry Co. v. Trice, 182 Okla. 518, 78 P. 2d 706; Winona Oil Co. v. Smithson, 87 Okla. 226, 209 P. 398.

The award under review erroneously attempts to apply subdivision 4, 85 O. S. 1941 § 22, whereas the award should have been made under subdivision 3 of said section. On account of error in making the award under the inapplicable subdivision, the same is vacated so as to enable the Industrial Commission to make an award under the proper subdivision of the statute.

Award vacated for further proceedings.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, and BAYLESS, JJ., concur. OSBORN, HURST, DAVISON, and ARNOLD, JJ., dissent.