474 P.2d 874

**Marko W. IMRICH, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Wood Brothers Lumber Company of Phoenix (Wood Brothers and Halistead Lumber Company), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 463.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 28, 1970.

Rehearing Denied Oct. 16, 1970.

Review Denied Dec. 8, 1970.

Riley & Slaughter, by Alan L. Slaughter, Bisbee, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman, Phoenix, for respondent Carrier State Compensation Fund.

HAIRE, Judge.

The petitioner lost one testicle as the result of an industrial injury. Although he suffered no loss of earning capacity because of this injury, he contends that the Industrial Commission should have entered an award granting him compensation under the permanent partial disability provisions of A.R.S. § 23–1044, subsec. C.[1]

Inasmuch as there was no evidence of actual loss of earning capacity, the Commission award denying compensation must be affirmed. *See* Standard Accident Insurance Company v. Industrial Commission, 66 Ariz. 247, 186 P.2d 951 (1947). Petitioner contends that the scheduled injury provisions of A.R.S. § 23–1044, subsec. B constitute arbitrary classifications unreasonably discriminating against a workman not having such a scheduled injury. By the scheduled injury provisions of subsection B, the legislature has created a conclusive presumption that every loss enumerated therein will cause some permanent loss of earning capacity and has fixed the amount of compensation to be paid therefor. Ujevich v. Inspiration Consolidated Copper Company, 42 Ariz. 276, 25 P.2d 273 (1933). We do not find such classifications to be arbitrary or unreasonable, or entirely unrelated to possible loss of earning capacity, nor are we concerned with the wisdom of the legislative policy which resulted in establishing such classifications. Williams v. Industrial Commission, 68 Ariz. 147, 202 P.2d 898 (1949). In any event, even if the scheduled injury classifications of subsection B were subject to a constitutional infirmity, petitioner would not be benefited. He has not demonstrated a loss of earning capacity so as to be entitled to benefits under subsection C, and this Court would have no power to enact by judicial decree another, more generous, formula of compensation benefits encompassing petitioner's injury.

The award is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.

---

1. This case was decided under the statutory law as it existed prior to January 1, 1969.