**UNITED CLAY PIPE COMPANY and Employers National Insurance Company, Petitioners,**

v.

**Jim SANDFUR and State Industrial Court, Respondents.**

**No. 44687.**

Supreme Court of Oklahoma.

Nov. 9, 1971.

Original proceedings to review an award and order of the State Industrial Court; Silas C. Wolf, Judge.

Original proceeding by the United Clay Pipe Company and Employers National Insurance Company against Jim Sandfur and the State Industrial Court to review an award of workmen's compensation in favor of Jim Sandfur. Award sustained.

Ray Teague, Oklahoma City, for petitioners.

Dudley H. Culp, Horsley, Epton & Culp, Wewoka, for respondents.

IRWIN, Justice:

Presented for review is an order of the State Industrial Court awarding Jim Sandfur, claimant, 40 per cent permanent partial disability to his great toe and 10 per cent permanent partial disability to his left foot, or total compensation for 27 weeks. Petitioners contend that the award is erroneous and constitutes reversible error on the grounds that there is no statutory authorization for awarding separate compensation for permanent partial disability for a simultaneous injury to a toe and to the foot.

Claimant received an injury when a clay pipe and hoist fell upon his left foot, breaking the great toe, the second toe and causing a split in his foot between the two toes. Claimant has had swelling in the great toe and the foot with accompanying pain causing difficulty in his walking.

The medical report of Dr. K discloses a fracture of the great toe and the second toe, with scarring on the great toe and on

the foot between the great and second toe. Summarizing the report of Dr. K, claimant received an injury to the great toe and to the foot and the doctor was of the opinion that claimant sustained a 75% permanent partial disability to the left great toe and 20% permanent partial disability to the left foot.

The schedule of compensation as provided by 85 O.S.1961, § 22(3), is as follows:

"Great Toe: For the loss of a great toe, thirty (30) weeks.

" * * *

"Foot: For the loss of a foot, one hundred and fifty (150) weeks."

Respondent argues that the award for disability to the toe and foot is an award for double compensation as the toe is part of the foot. This argument might have merit under other factual circumstances, but in the instant proceeding, the record clearly shows that the medical evidence was based upon separate injuries to the toe and to the foot and the disability to each was separately evaluated. The record also clearly shows that the State Industrial Court considered the disabilities to the toe and foot as being separate disabilities.

Claimant received a total award of 27 weeks. Included in this 27 weeks award were 12 weeks for the great toe and 15 weeks for the foot, computed as follows: 40% of 30 weeks for loss of the great toe or 12 weeks; and 10% of 150 weeks for loss of the foot or 15 weeks.

According to the medical evidence, claimant sustained a 20% permanent partial disability to his left foot which would have supported an award for 30 weeks compensation to the foot.

Since the total compensation for disabilities to the toe and the foot is less than the total compensation that could have been awarded for the foot under the medical evidence, and since there is no evidence to show that the amount recoverable would have been reduced by combining the injuries for compensation purposes, we see no factual basis for disturbing the award of the State Industrial Court. Since the evidence does not disclose that the amount recoverable would have been reduced by combining the injuries into the foot the question presented becomes an abstract question of law unnecessary to decide in this case.

Award sustained.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., concurs in result.