**CENTURY GRANITE CO., and the State Insurance Fund, Petitioners,**

v.

**Herbert F. McDOWELL and the State Industrial Court, Respondents.**

No. 46860.

Supreme Court of Oklahoma.

Nov. 5, 1974.

Sam Hill, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, for respondent Herbert F. McDowell.

LAVENDER, Justice:

For review is trial judge's order awarding compensation for 14 weeks total temporary disability, and 50 percent permanent partial disability to body as a whole for injury to the abdomen and a left inguinal hernia.

The issue is the right of the claimant to receive an award for permanent partial disability to the body as a whole. There is no dispute as to the accidental injury in course of covered employment. This is also true as to the occurrence of the left inguinal hernia and of the award of 14 weeks total temporary disability.

Claimant sustained this accidental injury October 20, 1972. Repair by surgery was performed November 15, 1972, as to both an incisional hernia at about the midline of the abdomen and a left inguinal hernia. One medical report would call the incisional hernia an epigastric hernia placing it above the navel. Although there is some confusion in Dr. G.'s medical report, the

claimant does not contend the left inguinal hernia was other than an "original" injury.

Claimant's October 20, 1972, industrial accident resulted in two injuries, both hernias (1) an original left inguinal hernia and (2) an aggravation of a pre-existing incisional hernia at about the navel. Both were the subject for repair in the November 15, 1972, operation. An injury to any other part of the body was not found by the order here reviewed.

The pre-existing incisional hernia came from a prior industrial accident of February 8, 1967. Made a part of this instant case was the record of that industrial court proceeding. There an order found injury to claimant's back and abdomen. It awarded claimant 20 percent permanent partial disability to his body. In claimant's examining doctor's deposition, he gave an opinion the claimant developed an internal hernia or valvulus of the intestine from that accident. After surgery repair an incisional hernia developed. This incisional hernia was repaired September, 1968. These facts were all considered in the award in the prior industrial court proceeding. This is the pre-existing incisional hernia aggravated by the last industrial accident repaired in the instant case.

In Fiesta Pools of Oklahoma City v. Pratt, Okl., 405 P.2d 1014 (1965) this court held the hernia provisions of the statute applied equally to an aggravation of a pre-existing hernia the same as an original hernia. We said:

"We can perceive of no reason in logic or common sense why the hernia provisions of the statute should not apply equally in the case of an 'original' hernia and also in the case of the aggravation or enlargement of a pre-existing hernia. In either case, the *result* is the same: a disability for which compensation is payable under our Workmen's Compensation Law."

The claimant cites Transwestern Oil Company v. Partain, 188 Okl. 97, 106 P.2d 263 (1940). He argues where an industrial accident caused an injury to another part of the body, as well as a hernia, and if both contribute to the disability then the compensation should not be limited by the hernia clause. The instant case differs for the injuries suffered from the October 10, 1972, industrial accident were both hernias and must be controlled by the hernia subsection.

In determining what hernias are covered by 85 O.S.1971, § 22(3) as to schedule of compensation for hernia, this court has said:

"We think it was the intention of the legislature that such provision should apply only to the usual and ordinary hernia among which may be included femoral, inguinal and umbilical hernias, and which are evidenced by a protrusion from some part of the abdominal cavity." Steelman v. Justice, 204 Okl. 117, 227 P.2d 647 (1951).

By that opinion an internal diaphragmatic hernia which allowed a portion of the stomach to enter the lung cavity was held not to be the kind of hernia the legislature intended under the hernia compensation schedule.

Under Steelman, supra, in the instant case we hold the original hernia in the first accident was internal and not included in the hernia clause of the statute. This is not true of the subsequent incisional hernia for it was evidenced by a protrusion from the abdominal cavity. This would be included in the hernia clause. This same included hernia was aggravated and repaired in the case at bar.

The claimant has experienced four operations. The first industrial accident resulted in an abdominal operation and a subsequent incisional hernia. The second industrial accident resulted in a second hernia and repair to the same area and an original left inguinal hernia and repair.

The hernia clause of the statute as to schedule of compensation, supra, provides:

" * * * provided, however, in any case where the injured employee has

been twice previously operated for hernia in the same area * * *, or, if not totally and permanently disabled, then under the 'Other Cases' subdivision following, * * *." 85 O.S.1971 § 22(3) Hernia.

Claimant has not twice previously been operated for hernia in the same area so as to allow an award for permanent partial disability under the "Other Cases" subdivision. His only injuries resulting from his last industrial accident were two hernias. He received surgery for repair of both and the temporary total compensation allowed. His first abdominal operation from the first industrial accident was not to repair the kind of hernia intended to be covered by the hernia clause.

Award reversed as to permanent partial disability.

All of the Justices concur.