**The OKLAHOMA CITY, Petitioner,**

**v.**

**Bill MARTIN, and the State Industrial Court, Respondents.**

**No. 47086.**

Supreme Court of Oklahoma.

Jan. 14, 1975.

Walter M. Powell, Municipal Counselor by R. Thomas Lay, Asst. Municipal Counselor, Oklahoma City, for petitioner.

Thomas A. Bamberger, Oklahoma City, for respondents.

IRWIN, Justice.

Presented for review is an Order of the State Industrial Court awarding claimant 100% permanent disability to the right index finger and 25% permanent partial disability to the right hand, or total compensation for 85 weeks.

Claimant was injured while operating a crane for petitioner. The wind caught an overhead visor of the crane slamming it down on claimant's right hand amputating a portion of his right index finger and injuring his right middle finger.

Claimant testified that his injury had healed, but he did not have the full use and grasp of his hand. He said his hand was still stiff and sore even though he had returned to normal duties.

Both parties submitted medical evidence. Petitioner's doctor estimated that claimant sustained a fifteen per cent (15%) permanent partial disability to the right hand. Petitioner stipulated that "there would be a 100 percent disability to the finger * * * if the court finds disability on the basis of the finger or to the hand."

Claimant's doctor estimated that claimant sustained a "100% percent permanent partial disability to the right index finger *or* (emphasis supplied) 25% percent permanent partial disability to the right hand."

The State Industrial Court found:

"That as a result of said injury, claimant has sustained 100 percent permanent disability to his right index finger AND (emphasis added) 25 percent permanent partial disability to his right hand, * * *."

Petitioner contends that the award is excessive because not supported by competent evidence, and is erroneous in that it allows double recovery for the same injury.

Petitioner argues that claimant could have recovered under the applicable provisions of 85 O.S.1971, § 22 either 50 weeks of compensation for a 25% permanent partial disability to the right hand, or 35 weeks of compensation for a 100% permanent partial disability to the right index finger, but not both.

■ Even though an injury to the finger of a hand and an injury to the same hand occur simultaneously or nearly so and arises from the same accident, it does not necessarily follow that an award for the injury to the finger and an award for the injury to the hand equal double compensation for the same injury. See United Clay Pipe Co. v. Sandfur (1971), Okl., 490 P.2d 1368, which involved an award for disability to a toe and foot. However, the recovery must be based on two different and distinct disabilities—one to the finger and one to the hand, and the competent evidence must clearly support the individuality of the injuries, as the medical testimony did in United Clay Pipe Co., supra.

■ The only medical evidence upon which the Industrial Court could have based its award is that submitted by the claimant. Although this evidence clearly shows a separate evaluation for injuries to claimant's finger, this evaluation is followed by the use of the disjunctive "or" and not the conjunctive "and" in evaluating the disability to the hand. By using the disjunctive "or" instead of the conjunctive "and" this evidence may not be construed to mean that in addition to the 100% disability to the right index finger, claimant also sustained a 25% disability to his right hand. There is no competent evidence that supports the Industrial Court's order awarding compensation for the disability to the finger and in addition thereto, disability to the hand.

Decisions of the Industrial Court will not be disturbed if supported by competent evidence, 85 O.S.1971, § 26; Tulsa Linen Service Co. v. Kroth (1973), Okl., 512 P.2d 172, but where there is an entire absence of competent evidence to support the award, it will be vacated as a matter of law. Oklahoma City v. Newell (1967), Okl., 428 P.2d 281.

As explained in Manhattan-Long Construction Co. v. Breedlove (1943), 192 Okl. 656, 138 P.2d 827 at 829:

"The statute, 85 O.S.1941, § 22, establishes a schedule of compensation to be

awarded in all classes of injuries. This schedule is comprehensive, complete and exclusive and the State Industrial Commission may make awards only upon the basis therein set forth. * * *."

 85 O.S.Supp.1972, § 22 provides that compensation for the permanent partial disability for loss of an index finger shall be 35 weeks and for permanent partial disability for the loss of a hand shall be 200 weeks. Thus the maximum which could have been awarded under the competent evidence was 50 weeks, i. e. twenty-five per cent (25%) permanent partial disability of the right hand.

Therefore, the order and award of one hundred per cent (100%) permanent partial disability to claimant's right index finger is vacated, but the order and award of permanent partial disability to claimant's right hand—compensation for fifty (50) weeks is sustained.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., dissents.