**D.J. SPEER, Petitioner,**

v.

**PETROLITE SPECIALTY POLYMERS GROUP, Travelers Indemnity Company, and the Workers' Compensation Court, Respondents.**

**No. 86503.**

Court of Appeals of Oklahoma, Division No. 2.

May 7, 1996.

Fred L. Boettcher, Walt Brune, Boettcher Law Offices, Inc., Ponca City, for Petitioner.

Richard L. Blanchard, Richards, Paul, Richards & Siegel, Tulsa, for Respondents.

*OPINION*

GOODMAN, Presiding Judge.

This is an original proceeding to review an order of a Workers' Compensation Court three-judge panel modifying the trial court's award of temporary total disability benefits. Based upon our review of the record and applicable law, we sustain the order.

I

Claimant D.J. Speer filed a Form 3 alleging he sustained a "hernia" as a result of "[c]onstant and daily lifting of 55–60 lbs. of material and stacking" during the course of his employment with Petrolite Specialty

Polymers Group. The injury was diagnosed during a pre-employment physical for other employment. The claimant successfully underwent a bilateral inguinal herniorrhaphy and was released to return to "light work."

The claimant sought temporary total disability "hernia benefits" pursuant to 85 O.S.Supp.1995, § 22(3)(a), which states in relevant part: "In case of an injury resulting in hernia, temporary total compensation for fourteen (14) weeks, and the cost of the operation shall be payable...." The claimant contended that because he had suffered bilateral herniae, he had in fact suffered two injuries and was therefore entitled to 28 weeks of compensation.

The employer denied the injury was work related, and asserted that if the claim is compensable, benefits should be limited to 14 weeks of compensation.

The trial court held a hearing June 13, 1995, and entered an order finding "the claimant sustained two (2) hernias at separate injury sites" and awarding him 28 weeks of temporary total disability compensation.

The employer appealed to a three-judge panel, which modified the order to award 14 weeks of temporary total disability benefits "as a result of said hernia." The claimant seeks our review.

## II

It is undisputed that competent evidence supports the finding of a work-related injury. We are presented with a medico-legal issue: Whether *bilateral* inguinal herniae, caused by cumulative trauma and diagnosed simultaneously, constitute a single injury or separate compensable injuries under § 22(3)(a). The claimant asserts the issue is one of first impression in this jurisdiction.

The claimant submitted the only medical evidence regarding the nature of his injury. The claimant's expert supplemented his original report and described "repeated trauma injury as a result of constant lifting of 30–60 pound items on a daily basis from 5/24/94 to approximately 10/28/94" resulting in "bilateral inguinal *hernias*.... with bilateral inguinal hernia repairs...." (Emphasis added.) He concluded that the claimant had suffered

"bilateral inguinal *hernias*" and therefore "should be entitled to 14 weeks compensation *per hernia,* for a total of 28 weeks compensation, as set forth in the Workman's [*sic*] Compensation Act." (Emphasis added.)

The doctor has deviated from his role as medical expert. It is for this court, not the medical expert, to apply the law to the facts and determine, as a matter of law, the compensation to which the claimant is entitled under the Act.

■ The claimant contends that the legislature has provided a form of liquidated damages for hernia injuries which should, by analogy, be treated similarly to other scheduled members under the Act. He argues that under a "scheduled member analysis.... [i]f compensation is awarded separately for a right hand or right foot, then compensation should also be awarded separately for a right inguinal hernia, as opposed to a left inguinal hernia."

Our research reveals that, although the precise issue before us has not been addressed by our supreme court, the court has sustained orders limiting temporary total disability benefits for bilateral, or double herniae to the amount stated in § 22. For example, in *Century Granite Co. v. McDowell,* 528 P.2d 302 (Okla.1974), the claimant had previously undergone repair surgery for "an internal hernia or valvulus [*sic*] of the intestine." After surgery, an incisional epigastric hernia developed above the navel and was repaired. A subsequent industrial accident caused (1) a recurrence of the incisional hernia and (2) "an original left inguinal hernia." The court vacated an award of permanent partial disability benefits, but sustained an award of 14 weeks temporary total disability benefits for "two hernias [and] surgery for repair of both...." *Id.* at 304. *See also Townley's Dairy v. Gibbons,* 395 P.2d 947 (Okla.1964) (sustaining award of 14 weeks and reasonable medical expenses for "bilateral, inguinal, indirect incomplete, reducible hernias"); *Wilkerson Chevrolet, Inc. v. Mackey,* 367 P.2d 165 (Okla.1961) (sustaining award of 14 weeks and repair surgery for "bi-lateral inguinal hernia" which the court referred to as "hernias"); *Fischer–Kimsey Co. v. King,* 196

Okla. 92, 162 P.2d 519 (1945) (sustaining award for "two injuries"—one to the left hand and the other a "double inguinal hernia").

 Section 22, establishing a schedule of compensation for all classes of injuries, is comprehensive, complete, and exclusive; awards may be made only upon the basis set forth therein. *Manhattan Long Constr. Co. v. Breedlove,* 192 Okla. 656, 138 P.2d 827 (1943). An order awarding compensation for a greater sum than that fixed by statute for a specific injury would constitute error. *Southland Gasoline Co. v. Bowlin,* 152 Okla. 117, 3 P.2d 663 (1931). The special grant of an award for hernia injuries is exclusive of other provisions of the Workers' Compensation Act as to temporary disability. *Mackey,* 367 P.2d at 166. An award under the "hernia paragraph" is in the nature of an award for a specific injury and is made without regard to the *actual* length of the temporary total disability. *Fiesta Pools v. Pratt,* 405 P.2d 1014, 1019–1020 (Okla.1965).

The legislature is presumed to have expressed its intent in statutory enactments and, except when a contrary intention plainly appears, words in a statute are to be given their plain and ordinary meaning. 25 O.S. 1991, § 1. In drafting § 22, the legislature used the singular form of the plural herniae to provide 14 weeks of temporary total disability compensation for "an injury resulting in hernia. . . ." However, a settled maxim of statutory construction dictates that "[w]ords used in the singular number include the plural, and the plural the singular, except where

a contrary intention plainly appears." 25 O.S.1991, § 25. No contrary intention appears in § 22, and thus we conclude that the legislature intended to include bilateral herniae within the limitation imposed by § 22's "hernia paragraph." *See Evans v. Sunbelt Freight, Inc.,* No. 75,522 (Okla.Ct.App. May 7, 1991) (the "award for temporary total disability was designed to cover the employee during his period of convalescence from the surgery required to correct the conditions. Because both surgical procedures were done at the same time, Claimant was entitled to only one fourteen-week period of temporary total disability.")

 We hold that temporary total disability benefits for bilateral herniae caused by an employment-related accidental injury are contemplated by, and thus subject to, § 22's 14–week limit *unless medical evidence supports the conclusion that the herniae were caused by separate and distinct work-related accidents.* Such evidence is absent from the record before us, and therefore we sustain the order under review.

ORDER SUSTAINED.

BOUDREAU and STUBBLEFIELD, JJ., concur.