2007 OK CIV APP 104

Jessica URRUTIA, Petitioner,

v.

WENDY'S OLD FASHIONED HAMBURGERS, Travelers Indemnity Company, and Workers' Compensation Court, Respondents.

No. 103,643.

Court of Civil Appeals of Oklahoma, Division No. 4.

July 25, 2007.

Certiorari Denied Oct. 22, 2007.

Laura Beth Murphy, Murphy & Murphy, Attorneys, Oklahoma City, OK, for Petitioner.

Bradley D. Avey, Bradley D. Avey, P.C., Edmond, OK, for Respondents.

JOHN F. REIF, Judge.

¶ 1 This case concerns an order, affirmed on en banc review, awarding Jessica Urrutia (Claimant) the benefits provided in 85 O.S. Supp.2006 § 22(3) for a soft tissue injury. Claimant contends that the three-judge panel erred in affirming this order, because it limits her temporary disability compensation to only eight (8) weeks of temporary *total* disability as provided in § 22(3). Claimant argues that the undisputed evidence shows that she was released for light duty and, therefore, the court should have awarded her temporary *partial* disability compensation. She propounds that limiting claimants with soft tissue injuries to eight weeks of temporary total disability when they are temporarily partially disabled treats injured workers who are temporarily disabled differently and thus violates due process and equal protection. For the reasons that follow, we disagree.

¶ 2 The material facts underlying the award in question are not in dispute. Rulings by the Workers' Compensation Court in applying the law to undisputed facts are reviewed de novo. *See Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, 958 P.2d 795.

¶ 3 It is well settled that "Section 22, establishing a schedule of compensation for all classes of injuries, is comprehensive, complete, and exclusive; awards may be made only upon the basis set forth therein." *Speer v. Petrolite Specialty Polymers Group*, 1996 OK CIV APP 55, ¶ 12, 918 P.2d 92, 94 (citing *Manhattan–Long Construction Co. v. Breedlove*, 1943 OK 254, ¶ 7, 138 P.2d 827, 829). "An order awarding compensation for a greater sum than that fixed by statute for a specific injury would constitute error." *Id.* at ¶ 12, 918 P.2d at 94 (citing *Southland Gasoline Co. v. Bowlin*, 1931 OK 592, ¶ 9, 3 P.2d 663, 664).

¶ 4 The *Speer* case involved an award under the Hernia provision of § 22(3). The court in *Speer* observed "[a]n award under the 'hernia paragraph' is in the nature of an award for a specific injury and is made without regard to the *actual* length of the temporary total disability." *Id.* at ¶ 12, 918 P.2d at 94 (citation omitted). The court in *Speer* stressed "[t]he special grant of an award for hernia injuries is exclusive of other provisions of the Workers' Compensation Act as to temporary disability." *Id.* (citation omitted).

¶ 5 By placing the "Soft Tissue Injury" provision in paragraph 3 of section 22, immediately following the Hernia provision, and providing compensation for soft tissue injury that is strikingly similar to the compensation provided for hernia injuries, we find the legislature intended for soft tissue injury to be compensated as a "specific injury" and "the special grant of an award for [such] injuries [to be] exclusive of other provisions of the Workers' Compensation Act as

to temporary disability." *Speer,* 1996 OK CIV APP 55, ¶ 12, 918 P.2d at 94 (citation omitted). The exclusive nature of the compensation provided for special injuries in § 22(3) controls even when evidence establishes a period of temporary total disability far in excess of the period provided for a particular special injury. *Knight v. Allied Signal,* 1999 OK CIV APP 21, ¶ 10, 977 P.2d 373, 375.

¶ 6 In addition to the general rule that the compensation provided for the special injuries in § 22(3) is exclusive, the legislature has expressly excepted special injuries under § 22(3) from awards of temporary partial disability under § 22(4). The text of § 22(4)(b) states it applies "[w]ith respect to injuries occurring on or after November 4, 1994, in case of temporary partial disability, *except the particular cases mentioned in paragraph 3* of this section [i.e., section 22]." (Emphasis added.) "Soft Tissue Injury" is clearly one of "the particular cases" mentioned in paragraph 3.

¶ 7 Finally, statutes that make certain injuries special or scheduled injuries are not constitutionally infirm simply because they compensate the special or scheduled injuries differently than non-scheduled injuries. *See Injured Workers of Kansas v. Franklin,* 262 Kan. 840, 942 P.2d 591 (1997), and *Imrich v. Industrial Commission,* 13 Ariz.App. 155, 474 P.2d 874 (1970). As the court in the *Imrich* case observed, the courts are not "concerned with the wisdom of the legislative policy which resulted in establishing such classifications [and] have no power to enact by judicial decree another, more generous, formula of compensation benefits encompassing [a particular] injury." *Imrich,* 474 P.2d at 875 (citation omitted).

¶ 8 We find no error in the order, as affirmed on en banc review, awarding Claimant the compensation set forth in § 22(3) for her soft tissue injury. Accordingly, the award, as affirmed, is SUSTAINED.

GABBARD, P.J., and GOODMAN, J., concur.