2017 OK 71

Lyle S. CORBEIL, Petitioner,

v.

EMRICKS VAN & STORAGE, GUARAN-
TEE INSURANCE, and The Workers'
Compensation Commission of the State
of Oklahoma, Respondents.

No. 115,672

Supreme Court of Oklahoma.

FILED September 19, 2017

Charles Simons and Katie Samples, Ryan Bisher Ryan Phillips & Simons, Oklahoma City, Oklahoma, for Petitioner.

Bob Burke, Oklahoma City, Oklahoma, for Petitioner.

Donald A. Bullard and Terri J. Phillips, Bullard & Associates, P.C., Oklahoma City, Oklahoma, for Respondents.

COMBS, C.J.:

¶1 The question presented to this Court is whether the hernia provision of the Administrative Workers' Compensation Act (AWCA), 85A O.S. Supp. 2013 § 61, permits an award of up to six weeks of temporary total disability (TTD) for each hernia suffered by a claimant, regardless of whether the hernias occurred, or were repaired, simultaneously. We hold that it does.

## FACTS AND PROCEDURAL HISTORY

¶2 Petitioner Lyle S. Corbeil (Corbeil) suffered an injury on July 25, 2015, while employed with Respondent Emricks Van & Storage (Employer). Corbeil alleged he had been engaged in strenuous lifting, and noticed pain and swelling on his right side the following day. After reporting his injury, Corbeil was sent to McBride clinic where he was initially diagnosed with a right inguinal hernia. This diagnosis is referred to in Corbeil's First Notice of Claim for Compensation. Corbeil requested medical care and TTD benefits on September 9, 2015. On the same date, Employer initially denied the injury was compensable. Corbeil requested a contested hearing. Prior to the hearing, Employer accepted compensability. Employer provided reasonable and necessary medical treatment to Corbeil and paid out six (6) weeks of TTD benefits from July 29, 2015 to September 8, 2015, at a rate of $571.55 per week.

¶3 Eventually, Corbeil's diagnosis was changed from a right inguinal hernia to bilateral inguinal hernias, after a left inguinal hernia was found on December 8, 2015. Surgery was performed on Corbeil to repair the bilateral inguinal hernias on February 2, 2016, after what Corbeil alleges to be a significant delay due to Employer's failure to timely authorize surgery. Corbeil asserts he was not released back to work until March 8, 2016, meaning he was unable to work due to his injury for a period of thirty-one (31) weeks and six (6) days. Corbeil requested an additional period of TTD benefits from Employer, which Employer denied.

¶4 Corbeil sought a contested hearing on the sole issue of whether he was entitled to an additional six (6) weeks of TTD due to suffering two hernias, pursuant to 85A O.S. Supp. 2013 § 61(B)(1). Employer contended Corbeil had received the maximum benefits permitted by the statute. The parties proceeded to a hearing before an administrative law judge (ALJ) on July 18, 2016. The parties stipulated to the following: 1) the jurisdiction of the Workers' Compensation Commission (WCC); 2) Corbeil's employment status; 3) Employer's insurance coverage; 4) Corbeil sustained a compensable injury in the form of bilateral inguinal hernias as a result of a single incident occurring in the course and scope of employment on July 25, 2015; 5) Corbeil timely filed a claim for compensation and timely notified Employer of the injury; 6) Employer designated a physician for Corbeil; 7) the amount and payment of TTD and permanent partial disability benefits to date.

¶5 At the hearing, Corbeil argued that changes in the provision concerning hernias enacted as part of the AWCA, codified at 85A O.S. Supp. 2013 § 61, support an interpretation that the triggering event for the award of benefits has changed from "an injury resulting in hernia" to "a hernia". Corbeil further asserted that the TTD limitation provided in 85A O.S. Supp. 2013 § 61 applies to "a hernia", and because he suffered two hernias, he is entitled to a second six-week period of TTD. Relying on older caselaw

from before the enactment of 85A O.S. Supp. 2013 § 61, Employer argued that a bilateral hernia constituted a single compensable injury.

¶ 6 The ALJ found the changes in 85A O.S. Supp. 2013 § 61 to be a distinction without a difference. Specifically, the ALJ determined that Corbeil's bilateral hernias were caused by the same accident and surgically repaired at the same time, and so pursuant to 85A O.S. Supp. 2013 § 61 Corbeil was limited to a maximum of six (6) weeks of TTD.

¶ 7 Corbeil appealed on September 6, 2016, and requested review by the Commission *en banc*. The Commission held a hearing on December 15, 2016. On December 16, 2016, the Commission affirmed the decision of the ALJ, determining it was supported by a preponderance of the credible evidence and correctly applied the law and, therefore, was neither against the clear weight of the evidence, nor contrary to law.

¶ 8 Corbeil initially sought review in this Court on January 5, 2017.[1] On April 10, 2017, Corbeil filed a motion to retain and combine this cause with another pending case.[2] On April 25, 2017, this Court granted Corbeil's motion to retain and made this cause a companion case with No. 115,898. The cause was assigned to this office on April 27, 2017.

## II.

### STANDARD OF REVIEW

¶ 9 The law in effect at the time of the injury controls both the award of benefits and the appellate standard of review where workers' compensation is concerned. *Brown v. Claims Mgmt. Resources, Inc.*, 2017 OK 13, ¶ 9, 391 P.3d 111; *Holliman v. Twister Drilling Co.*, 2016 OK 82, ¶ 5, 377 P.3d 133; *Williams Co., Inc. v. Dunkelgod*, 2012 OK 96, ¶ 14, 295 P.3d 1107. Corbeil's injury occurred on July 25, 2015. As Corbeil's injury occurred after the effective date of the Administrative Workers' Compensation Act (AWCA), 85A O.S. Supp. 2013 §§ 1-125, appellate review is

governed by 85A O.S. Supp. 2013 § 78, which provides in pertinent part:

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

¶ 10 The issue presented in this cause is one of statutory interpretation. Statutory interpretation presents a question of law which this Court reviews under a *de novo* standard. *Brown*, 2017 OK 13, ¶ 10, 391 P.3d 111; *Lee v. Bueno*, 2016 OK 97, ¶ 6, 381 P.3d 736; *Legarde–Bober v. Okla. State University*, 2016 OK 78, ¶ 5, 378 P.3d 562. In conducting *de novo* review this Court possesses plenary, independent, and non-deferential authority to examine the lower tribunal's legal rulings. *Brown*, 2017 OK 13, ¶ 10, 391 P.3d 111; *Lee*, 2016 OK 97, ¶ 6, 381 P.3d 736; *Legarde–Bober*, 2016 OK 78, ¶ 5, 378 P.3d 562.

---

1. Corbeil's Second Amended Petition for Review was not filed with this Court until February 23, 2017.

2. *Ray Graham v. D&K Oilfield Services, Inc. and Compsource Mut. Ins. Co.*, No. 115,898.

## III.

## ANALYSIS

¶ 11 This cause concerns the interpretation and application of the current hernia provision of the AWCA, 85A O.S. Supp. 2013 § 61, which provides:

A. A hernia is not a compensable injury unless the injured employee can prove by a preponderance of the evidence that it meets the definition of "compensable injury" under this act and:

1. The occurrence of the hernia followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

2. There was severe pain in the hernial region;

3. The pain caused the employee's work to be substantially affected;

4. Notice of the occurrence was given to the employer within five (5) days thereafter; and

5. The physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician.

B. 1. Notwithstanding the provisions of Section 45 of this act, if it is determined that a hernia is a compensable injury under subsection A of this section, the injured employee shall be entitled to temporary total disability for six (6) weeks.

2. If the injured employee refuses to permit the hernia operation if recommended by a physician, he or she shall be entitled to temporary total disability for thirteen (13) weeks in addition to appropriate medical care.

C. If the injured employee dies within one (1) year as a direct and sole result of the hernia or a radical operation of the hernia, the deceased employee's dependents shall be entitled to death compensation under Section 48 of this act.

Corbeil argues he is entitled to a potential twelve weeks of TTD under the language of this provision because he suffered two hernias.

¶ 12 Employer contends, however, that existing decisions interpreting prior provisions of the since-repealed Workers' Compensation Act support the proposition that bilateral hernias caused by a single work-related accident and repaired at the same time entitle a claimant to one award of TTD benefits within the statutorily-mandated limits. Employer relies upon judicial interpretation of 85 O.S. § 22 (*repealed by* SB 878, Laws 2011, c. 318, § 87, effective August 26, 2011), which provided in pertinent part:

Hernia: **In case of an injury resulting in hernia, temporary total compensation for fourteen (14) weeks, and the cost of an operation shall be payable;** provided, in any case where the injured employee has been twice previously operated for hernia in the same area and it is established by opinion of a competent surgeon that further surgery in the same area will not result in full relief of the condition, the Court may then award compensation for disability resulting therefrom under paragraph 1 of this section, or, if not totally and permanently disabled, then under the "Other Cases" subdivision following, and, after a second surgical attempt to repair hernia, the injured may not be required to submit to further surgery in an effort to relieve the disability thereafter existing; provided, further, the use of any artificial reinforcement or device, with or without surgery, shall not be the basis of reducing extent of disability to be awarded. (Emphasis added).

¶ 13 The application of both the current and prior statutes to this particular set of facts appears to have never been fully considered by this Court. However, the Court of Civil Appeals examined 85 O.S. § 22 under similar circumstances in *Speer v. Petrolite Spec. Polymers Group*, 1996 OK CIV APP 55, 918 P.2d 92. In that cause, the claimant suffered bilateral hernias. The claimant in *Speer* asserted that because he suffered bilateral hernias, he had in fact suffered two injuries and was entitled to double the statutory TTD benefits. 1996 OK CIV APP 55, ¶ 3, 918 P.2d 92. The court noted that while this Court had not directly addressed the issue, we had sustained orders limiting TTD benefits for bilateral hernias to the statutori-

ly-mandated amount. *Speer*, 1996 OK CIV APP 55, ¶ 11, 918 P.2d 92. *See Century Granite Co. v. McDowell*, 1974 OK 132, 528 P.2d 302 (sustaining award of a single period of TTD benefits for two hernias and surgery for repair of both); *Townley's Dairy v. Gibbons*, 1964 OK 220, 395 P.2d 947 (sustaining the award of a single period of TTD benefits for bilateral inguinal hernias).

¶ 14 The court in *Speer* determined that though the Legislature used the singular form of hernia when providing for 14 weeks of TTD benefits for "an injury resulting in hernia", the Legislature expressed no contrary intention to exclude the plural. 1996 OK CIV APP 55, ¶ 13, 918 P.2d 92; *See* 85 O.S. § 22. However, the court did not ignore the "an injury" portion of the clause, holding that TTD benefits for bilateral hernias were "subject to, § 22's 14-week limit *unless medical evidence supported the conclusion that the hernia were caused by separate and distinct work-related accidents*." *Speer*, 1996 OK CIV APP 55, ¶ 13, 918 P.2d 92.

¶ 15 Though the parties do not discuss it in detail, there is an intermediate change in the hernia provision of the Workers' Compensation Act enacted after *Speer* was decided and prior to the passage of the AWCA. In 2011, the Legislature moved the hernia benefits provision of the Workers' Compensation Act to 85 O.S. § 332 (*repealed by* SB 1062, Laws 2013, c. 208, § 171, effective February 1, 2014). In doing so, the Legislature also altered the language of the provision. Title 85 O.S. 2011 § 332 provided in pertinent part:

Hernia: **In case of an injury resulting in the first or second hernia in the same area of the body,** there shall be no award of permanent partial impairment. Payment of benefits in such cases shall be limited to temporary total disability compensation for six (6) weeks, and all necessary medical costs including, but not limited to, the cost of surgery. A claimant who has had surgery for a hernia may petition the Workers' Compensation Court for one extension of temporary total disability compensation and the Court may order such an extension, not to exceed six (6) additional weeks, if the treating physician indicates such an extension is appropriate, or as agreed to by all parties. An award for temporary total disability or permanent partial impairment may be entered by the Court if an injury results in a third hernia, or more, in the same area of the body. (Emphasis added).

¶ 16 Corbeil asserts that in passing 85A O.S. Supp. 2013 § 61, the Legislature expressed intent to alter the triggering event for hernia TTD benefits in such a way as to make the rationale of *Speer* inapplicable, moving instead towards an award limit of six (6) weeks of TTD for **each** hernia. Corbeil's claim thus requires this Court to examine the Legislature's intent in enacting 85A O.S. Supp. 2013 § 61, as the determination of legislative intent controls judicial statutory interpretation. *McClure v. ConocoPhillips Co.*, 2006 OK 42, ¶ 12, 142 P.3d 390; *Keating v. Edmondson*, 2001 OK 110, ¶ 8, 37 P.3d 882; *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449.

¶ 17 This Court previously summarized the rules of statutory interpretation in the following manner:

"The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. If a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction a statute will be accorded the meaning expressed by the language used. However, where a statute is ambiguous or its meaning uncertain it is to be given a reasonable construction, one that will avoid absurd consequences if this can be done without violating legislative intent. Further, the Legislature will not be presumed to have done a vain and useless act in the promulgation of a statute, nor will an inept or incorrect choice of words be applied or construed in a manner to defeat the real or obvious purpose of a legislative enactment."

*Brown*, 2017 OK 13, ¶ 20, 391 P.3d 111 (*quoting Wylie v. Chesser*, 2007 OK 81, ¶ 19, 173 P.3d 64).

More specifically, when it comes to statutory interpretation words used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears. Title 25 O.S. 2011 § 25; *Bd. of County Com'rs of Okla. County v. Warram*, 1955 OK 198, ¶ 39, 285 P.2d 1034; *Rupp*

*v. City of Tulsa*, 1950 OK 28, ¶ 7, 202 Okla. 442, 214 P.2d 913.

■ ¶ 18 Title 85A O.S. Supp. 2013 § 106 requires this Court to strictly construe the provisions of the AWCA.[3] However, the rule of strict construction comes into play only when the language at issue, after analysis and subjection to the ordinary rules of interpretation, presents ambiguity. *Brown*, 2017 OK 13, ¶ 21, 391 P.3d 111; *American Airlines, Inc. v. State ex rel. Okla. Tax Comm'n*, 2014 OK 95, ¶ 31, 341 P.3d 56; *Colcord v. Granzow*, 1928 OK 211, ¶ 18, 137 Okla. 194, 278 P. 654.

¶ 19 Unambiguous changes in the wording of the hernia provision support Corbeil's ar-

3. Title 85A O.S. Supp. 2013 § 106 provides:
   The provisions of the Administrative Workers' Compensation Act shall be strictly construed by the Workers' Compensation Commission and any appellate court reviewing a decision of the Workers' Compensation Commission.

4. Title 85A O.S. Supp. 2013 § 2(9) provides:
   9. a. "Compensable injury" means damage or harm to the physical structure of the body, or prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, caused solely as the result of either an accident, cumulative trauma or occupational disease arising out of the course and scope of employment. An "accident" means an event involving factors external to the employee that:
   (1) was unintended, unanticipated, unforeseen, unplanned and unexpected,
   (2) occurred at a specifically identifiable time and place,
   (3) occurred by chance or from unknown causes, and
   (4) was independent of sickness, mental incapacity, bodily infirmity or any other cause.
   b. "Compensable injury" does not include:
   (1) injury to any active participant in assaults or combats which, although they may occur in the workplace, are the result of non-employment-related hostility or animus of one, both, or all of the combatants and which assault or combat amounts to a deviation from customary duties; provided, however, injuries caused by horseplay shall not be considered to be compensable injuries, except for innocent victims,
   (2) injury incurred while engaging in or performing or as the result of engaging in or performing any recreational or social activities for the employee's personal pleasure,
   (3) injury which was inflicted on the employee at a time when employment services were not being performed or before the employee was hired or after the employment relationship was terminated,

guments. First, the progression in the first part of the provision: the Legislature moved from "an injury resulting in hernia" in 85 O.S. § 22, to "an injury resulting in the first or second hernia in the same area of the body" in 85 O.S. § 332, and finally to "if it is determined that a hernia is a compensable injury" in 85A O.S. Supp. 2013 § 61. The language progression over time implies an intent on the part of the Legislature to make each hernia itself a potential compensable injury, so long as the hernia also meets the definition of compensable injury found at 85A O.S. Supp. 2013 § 2(9)[4] and the other requirements of 85A O.S. Supp. 2013 § 61.

¶ 20 Second, the Court of Civil Appeals in *Speer* recognized the original importance of

(4) injury where the accident was caused by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. If, within twenty-four (24) hours of being injured or reporting an injury, an employee tests positive for intoxication, an illegal controlled substance, or a legal controlled substance used in contravention to a treating physician's orders, or refuses to undergo the drug and alcohol testing, there shall be a rebuttable presumption that the injury was caused by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. This presumption may only be overcome if the employee proves by clear and convincing evidence that his or her state of intoxication had no causal relationship to the injury,
(5) any strain, degeneration, damage or harm to, or disease or condition of, the eye or musculoskeletal structure or other body part resulting from the natural results of aging, osteoarthritis, arthritis, or degenerative process including, but not limited to, degenerative joint disease, degenerative disc disease, degenerative spondylosis/spondylolisthesis and spinal stenosis, or
(6) any preexisting condition except when the treating physician clearly confirms an identifiable and significant aggravation incurred in the course and scope of employment.
c. The definition of "compensable injury" shall not be construed to limit or abrogate the right to recover for mental injuries as described in Section 13 of this act, heart or lung injury or illness as described in Section 14 of this act, or occupational diseases as described in Section 65 of this act.
d. A compensable injury shall be established by medical evidence supported by objective findings as defined in paragraph 30 of this section.
e. The injured employee shall prove by a preponderance of the evidence that he or she has suffered a compensable injury.

the "an" modifier to "injury" found in 85 O.S. § 22, holding that additional benefits might be possible if the hernias were the result of more than a single injury. 1996 OK CIV APP 55, ¶ 14, 918 P.2d 92. The same import should be given to the Legislature's decision to change the language of the hernia provision with 85A O.S. Supp. 2013 § 61 by not only removing "an injury resulting in hernia" as the triggering event, but also using the singular throughout Section 61: "A hernia is not a compensable injury unless ...", "the hernia followed", "the hernia was such as to require...", "if it is determined that a hernia is a compensable injury", and "as a direct and sole result of the hernia".

 ¶ 21 As this Court noted in *Rupp*, repeated use of the singular alone does not indicate a contrary intention to exclude the plural. 1950 OK 28, ¶ 8, 214 P.2d 913 ("In order to avoid the plural sense accorded by the statute a contrary intention must plainly appear, and it cannot be made to so appear merely by the repeated use of the singular.") However, beyond repeated use of the singular, the Legislature's contrary intent is evinced by the changes in the language of the provision between the original Workers' Compensation Act and the AWCA, in the context of prior judicial interpretation.

¶ 22 Employer relies upon the maxim that Legislative familiarity with extant judicial construction of statutes is presumed [5] to argue that handling of hernia benefits remains unchanged despite repeal of the original provision and language changes post-*Speer* as part of the AWCA. However, in *Special Indem. Fund v. Figgins*, this Court elaborated on the rule in the following manner:

> Unless a contrary intent clearly appears or is plainly expressed, the terms of amendatory acts retaining the same or substantially similar language as the provisions formerly in force will be accorded the identical construction to that placed upon them

by preexisting case law. **If a former statute is clear or its meaning has been judicially determined, legislative amendment may reasonably indicate a legislative intent to alter the law.**

1992 OK 59, ¶ 8, 831 P.2d 1379 (footnotes omitted) (emphasis added). Given the clarity imparted to 85 O.S. § 22 by prior judicial determination of its meaning in *Speer*, the language changes in 85A O.S. Supp. 2013 § 61 indicate a Legislative intent to depart from prior interpretation of the law concerning hernia injuries in workers' compensation.

¶ 24 The changes made concerning hernias in 85A O.S. Supp. 2013 § 61 of the AWCA unambiguously indicate Legislative intent to make six (6) weeks of TTD the upper limit for each hernia injury suffered by a claimant, rather than the upper limit for simultaneous hernias resulting from a single injury. The ALJ committed an error of law by ruling that the changes constitute a distinction without a difference.

 ¶ 25 Corbeil also asserts he is entitled to further TTD benefits due to Employer's unreasonable delay in providing medical treatment. This issue was not raised or argued before the ALJ or the Commission *en banc*. Accordingly, it will not be considered on appeal. *Red Rock Mental Health v. Roberts*, 1997 OK 133, ¶ 10 n.5, 940 P.2d 486; *Bostick Tank Truck Service v. Nix*, 1988 OK 128, ¶ 11, 764 P.2d 1344.

**ORDER OF THE WORKERS' COMPENSATION COMMISSION VACATED; CAUSE REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION**

ALL JUSTICES CONCUR

---

f. Benefits shall not be payable for a condition which results from a non-work-related independent intervening cause following a compensable injury which causes or prolongs disability, aggravation, or requires treatment. A non-work-related independent intervening cause does not require negligence or recklessness on the part of a claimant.
g. An employee who suffers a compensable injury shall be entitled to receive compensation as prescribed in this act. Notwithstanding other provisions of law, if it is determined that a compensable injury did not occur, the employee shall not be entitled to compensation under this act;

5. *Maxwell v. Sprint PCS*, 2016 OK 41, ¶ 10, 369 P.3d 1079; *Special Indem. Fund v. Figgins*, 1992 OK 59, ¶ 8, 831 P.2d 1379.